NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| L.Z. and S.Z. o/b/o K.Z., | : | Hon. Dennis M. Cavanaugh |
|  | : |  |
| Plaintiffs, | : | **OPINION** |
|  | : |  |
| v. | : | Civil Action No. 07-CV-0694 (DMC) |
|  | : |  |
| SPRINGFIELD BOARD OF EDUCATION, | : |  |
|  | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon cross-motions by Plaintiffs L.Z. and S.Z. (collectively "Parents") on behalf of their daughter Plaintiff K.Z. ("K.Z." collectively with Parents, "Plaintiffs") and Defendant Springfield Board of Education ("Defendant") for summary judgment. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that both motions for summary judgment are **denied**.

## I.    BACKGROUND[1]

Both motions come before the Court as a result of a dispute between the parties over proper educational care for K.Z., a minor child who is the daughter of the Parents. K.Z. was

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

evaluated by Dr. Beth L. Haessig, a psychologist, who found that K.Z. suffers from Aspergers Disorder, and those symptoms include difficulties with social interaction, pragmatic language and prevalence of self-directed behaviors. Defendant alleges that Plaintiffs never provided a written medical diagnosis of K.Z.'s condition during the 2005-2006 school year; Plaintiffs deny this allegation. On April 14, 2005, Plaintiffs requested that Defendant's Child Study Team ("Team") evaluate K.Z. K.Z. was evaluated on April 26, 2005 by a social worker for Defendant as well as a speech and language therapist. Defendant alleges that Plaintiffs told the Team that they would have a neurodevelopmental evaluation conducted for K.Z. and provide same to the Team. Plaintiffs deny this allegation.

On July 25, 2005, Defendant held an eligibility conference/Individual Education Plan ("IEP") meeting and determined that K.Z. was eligible for special education and related services. Both parties agree that an offer was made to place K.Z. in a special education preschool class for two and one-half hours per day, five days per week for the 2005-2006 school year. The parties dispute Defendant's allegation that there was an offer in the IEP that K.Z. would participate for part of the week in a general education pre-Kindergarten class. The IEP also contained goals and objectives for K.Z. to improve, such as maintaining eye contact, expression of feelings in words and fine motor skills; however, Plaintiffs argue that the goals laid out in the IEP were neither specific nor measurable. Further, the IEP called for two sessions per week of speech and language training as well as one session per week of occupational therapy. The IEP called for K.Z. to participate in a social skills group once per week. Defendant alleges that Plaintiffs expressed no concerns or dissatisfaction with the proposed IEP; Plaintiffs deny this allegation.

2

Plaintiffs, due to their alleged dissatisfaction with the proposed IEP, rejected it in a letter from Plaintiffs' counsel on August 8, 2005. Defendant was informed in this letter that Plaintiff Parents were unilaterally placing K.Z. in an applied behavior analysis ("ABA") program with a shadow aide (individual assigned to a special education teacher or family to assist a special needs child) at Temple Sha'arey Shalom. Further, Plaintiff Parents stated they would obtain up to forty hours of applied behavior analysis per week. Plaintiff Parents also seek eight hours of coordination by a behavior analyst as well as occupational therapy and speech services by their private provider. On August 29, 2005, Plaintiffs filed a lawsuit seeking reimbursement for their unilaterally provided services, alleging that Defendant denied K.Z. a free appropriate public education ("FAPE") by not providing her with a program that met her individualized needs.

The parties also dispute the circumstances of a possible September 12, 2005 meeting; Defendant alleges that Plaintiffs cancelled the meeting while Plaintiffs allege they never even agreed to attend the meeting as they had already filed for due process. K.Z. had not received special education and related services from the district in the 2005-2006 school year.

The due process filing led to the matter being heard in Administrative Law Court with Plaintiffs seeking reimbursement for the costs incurred by unilaterally placing K.Z. in an appropriate educational environment. Defendant filed a motion for partial summary decision, which Plaintiffs opposed. The Honorable Jesse H. Strauss, A.L.J., issued a decision granting Defendant's motion on November 13, 2006. Plaintiffs appealed this decision by filing a complaint in this Court alleging erroneous findings of fact and conclusions of law at the Administrative Law level. Defendant answered and both parties then moved for summary

3

judgment.

## II.   STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). However, "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

4

**III.  DISCUSSION**

It is clear from the parties' respective moving papers and the Background section above that there are genuine issues of material fact present in this case. Plaintiffs' reply to Defendant's motion for summary judgment indicates that of the fourteen material facts Defendant cites, Plaintiffs only truly agree with seven, thereby leaving seven genuine issues of material fact in dispute.  Both parties meet the Matsushita standard; both provide sufficient evidence to survive summary judgment and support a jury verdict in their favor. Therefore, this Court will not grant summary judgment to either party because genuine issues of material fact exist.

**IV.  CONCLUSION**

For the reasons stated, it is the finding of this Court that both parties' motions for summary judgment are **denied**.  An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:      July 28, 2008
Orig.:     Clerk
cc:        All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File